UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 13 - 1372

------------------------------------------------------------

DAVID RODRIGUEZ, JEROME J. RODRIGUEZ and
SCHARLENE FLYNN-RODRIGUEZ,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER WAGNER
individually and in his official capacity, and JOHN DOES
# 1-4, individually and in their official capacity,

Defendants.

BRODIE, J.

LEVY

------------------------------------------------------------

## COMPLAINT

### JURY TRAIL DEMANDED

Civil Action No.

Plaintiffs **DAVID RODRIGUEZ, JEROME J. RODRIGUEZ** and **SCHARLENE FLYNN-RODRIGUEZ**, by and through their attorneys, **NOVO LAW FIRM, PC**, complaining of the Defendants herein, respectfully show the Court and allege:

### PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiffs **DAVID RODRIGUEZ, JEROME J. RODRIGUEZ** and **SCHARLENE FLYNN-RODRIGUEZ** seek relief for Defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. The Plaintiffs seek damages, compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and § 1331, this being an action seeking redress for the violation of Plaintiffs' constitutional and civil rights.

1

3.      Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

4.      Plaintiffs respectfully request that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

5.      Venue herein is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

<u>**JURY DEMAND**</u>

6.      Plaintiff respectfully demands a trail by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

<u>**NOTICE OF CLAIM**</u>

7.      Upon information and belief, Plaintiffs have each filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

<u>**PARTIES**</u>

8.      Plaintiff **DAVID RODRIGUEZ** (hereinafter "Mr. David Rodriguez") is 22 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings.

9.     Plaintiff **JEROME J. RODRIGUEZ** (hereinafter "Mr. Jerome Rodriguez") is 47 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings.

10.     Plaintiff **SCHARLENE FLYNN-RODRIGUEZ** (hereinafter "Mrs. Rodriguez") is 44 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings.

11.     Defendant **THE CITY OF NEW YORK** was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12.     Defendant **THE CITY OF NEW YORK** is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant **THE CITY OF NEW YORK** assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by New York City Police Department.

13.     Defendants **POLICE OFFICE WAGNER** and **JOHN DOES # 1-4** were and are at all times relevant herein, duly appointed and acting officers, servants, employees and agents of New York City Police Department, a municipal agency of Defendant **THE CITY OF NEW YORK**. Defendants **POLICE OFFICE WAGNER** and **JOHN DOES # 1-4** are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant **THE CITY OF NEW YORK**, were acting for, and on behalf of, and with the power and authority vested in them by **THE CITY OF NEW YORK** and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

3

14.     Defendants **POLICE OFFICE WAGNER** and **JOHN DOES # 1-4** are sued individually.

## STATEMENT OF FACTS

15.     On or about December 17, 2011, in the early hours of the morning, Mr. Jerome Rodriguez and Mrs. Rodriguez were visiting Mr. Jerome Rodriguez's mother and Mr. David Rodriguez's dying grandmother, Elizabeth Rodriguez, a patient in Lutheran Medical Center.

16.     En route to the hospital to meet his parents, Mr. David Rodriguez experienced an episode of excruciating and severe stomach pain.  As a result, his intention was to re-route and go to his godmother, Darlene Cordero's apartment building located at 11-19 64th Street, Brooklyn, NY (of which she is the superintendent) and use her restroom.

17.     It should be noted that Mr. David Rodriguez was diagnosed with and has been taking medication for bleeding gastric ulcers and colitis since 1999.

18.     While Mr. David Rodriguez was lawfully, quietly and peacefully waiting outside of his godmother's building, he was approached and harassed by an unknown tenant, who, without reason, or identifying himself, threatened Mr. David Rodriguez by demanding he leave the premises or "[he'll] be back for [him]".

19.     Within minutes after this unknown tenant threatened Mr. David Rodriguez and walked away, Defendants **POLICE OFFICE WAGNER** and **JOHN DOES #1-4** approached him. Defendant **JOHN DOE #1** yelled that he had assaulted an off-duty police officer.  Despite being seated peacefully in a supine position, without provocation or resistance, Mr. David Rodriguez was violently handcuffed, pushed, shoved, slammed against a brick wall, thrown into a gate; his head was propelled onto a cement block causing a large gash in his left side and him to bleed profusely.  He was then searched while bleeding and handcuffed.

4

20.     His cell phone, wallet and keys were removed from his person and he was pushed to the ground and stomped on several times.  Defendant **POLICE OFFICER WAGNER** slammed Mr. David against the police vehicle three to four times, knocking out one Mr. David's front teeth.

21.     The hood attached to his sweat shirt was caused to go over his head and face, choking and suffocating him resulting in Mr. David Rodriguez losing consciousness, passing out falling on to the ground.  At no point did Mr. David Rodriguez resist arrest.

22.     Mr. David Rodriguez's next memory is waking up to Defendant **POLICE OFFICER WAGNER** smacking, pushing and poking him while handcuffed to a bed in the Emergency Room of Maimonides Hospital.

23.     When Mr. David Rodriguez cried out in pain, Defendant **POLICE OFFICER WAGNER** responded, "If you think that hurts, wait until I take you back to the station and RAPE you".  As a result of the threat and extreme circumstances, Mr. David Rodriguez was caused severe apprehension and fear, great mental distress and anguish and began to beg for help until losing consciousness once again.

24.     The following day, Mr. David Rodriguez awakened in a cell of the 68th precinct were he spent several hours until being transported to Central Booking.  He spent over two and a half days (more than 60 hours) in Central Booking.  He was fingerprinted.  His picture was taken.

25.     He was denied all water and food for more than 60 hours.  He was denied his request for counsel.  He was denied his request to a make a phone call.

26.     After posting a two-thousand, five-hundred dollars ($2,500.00) bail, Mr. David Rodriguez was finally released after a total of three (3) days.

27.     Mr. David Rodriguez had to appear in court eight (8) times, retaining an attorney at a cost of $750.00 per appearance to represent him on the charge of "assaulting an off-duty police

officer". On July 9, 2011, any and all charges were dismissed. The arrest was unlawful, the charges were unlawful and the ordeal was unprovoked, uncalled for and has caused Mr. David Rodriguez an insurmountable amount of economic damages. It should be noted that his wallet containing approximately three-hundred ($300) dollars was also never returned.

28.    In addition to the economic damages, as a result of the violent continuing attack, false arrest, false imprisonment, threats and physical injuries, Mr. David Rodriguez continues to suffer severe emotional trauma, nervousness, distrust, anxiety and post-traumatic stress. Due to these psychological and physical injuries, Mr. David Rodriguez could not and did not leave his home for the three (3) months following the incident.

29.    It should be noted that Mr. David Rodriguez's front tooth repair requires surgery at an approximate price of one thousand five hundred dollars ($1,500) which Mr. David Rodriguez cannot afford. Mr. David Rodriguez was provided a temporary flipper front tooth at the price of two hundred dollars ($250).

30.    On December 17, 2011, while waiting for Mr. David Rodriguez to come to Lutheran Hospital to say a final goodbye to his grandmother, Mrs. Rodriguez made several unanswered calls to her son, Mr. David Rodriguez.

31.    After several attempts, Defendant **JOHN DOE #2** answered Mr. David Rodriguez's phone and refused to inform Mrs. Rodriguez about the whereabouts of her son. Mr. Jerome Rodriguez and Mrs. Rodriguez were now worried, afraid and uncertain as to where their son was, if he was injured, or if he was dead or alive.

32.    During that period of uncertainty, Mr. Jerome Rodriguez and Mrs. Rodriguez traveled to many hospitals in attempts to locate their son. Upon arrival at Maimonides, Mrs. Rodriguez and Mr. Jerome Rodriguez found their son lying half-conscious, bleeding and

6

handcuffed to a bed.  They witnessed their son being poked, smacked and hit by Defendant **POLICE OFFICER WAGNER** and overheard him threatening Mr. David Rodriguez.  When **POLICE OFFICER WAGNER** saw Mr. Jerome Rodriguez and Mrs. Rodriguez standing there, he threatened both of them with arrest and pushed Mr. Jerome Rodriguez out of the way. Mr. Jerome Rodriguez was then handcuffed.  As a result, Mr. Jerome Rodriguez suffered bruises to his wrists and increased blood pressure requiring hospitalization. Upon witnessing both her son and her husband arrested, threatened and assaulted, Mrs. Rodriguez fainted and fell to the ground.

### AS AND FOR A FIRST CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### US CONSTITUTION and 42 U.S.C. § 1983
### BY POLICE OFFICER WAGNER and JOHN DOES # 1-4

33.     Plaintiff Mr. David Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

34.     By their conduct and actions in arresting, imprisoning, physically assaulting, failing to intercede on behalf of Mr. David Rodriguez and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of Defendants, Defendants **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4**, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

35.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### US CONSTITUTION and 42 U.S.C. § 1983
### BY POLICE OFFICER WAGNER and JOHN DOES # 1-4

36.    Plaintiff Mr. Jerome Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

37.    By their conduct and actions in arresting, imprisoning, physically assaulting, failing to intercede on behalf of Mr. Jerome Rodriguez and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of Defendants, Defendants **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4**, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

38.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### US CONSTITUTION and 42 U.S.C. § 1983
### BY POLICE OFFICER WAGNER and JOHN DOES # 1-4

39.    Plaintiff Mrs. Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

40.    By their conduct and actions in arresting, imprisoning, physically assaulting, failing to intercede on behalf of Mrs. Rodriguez and in failing to protect her from the unjustified and unconstitutional treatment she received at the hands of Defendants, Defendants **POLICE**

**OFFICER WAGNER** and **JOHN DOES # 1-4**, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

41.    As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FORTH CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION and 42 U.S.C. § 1983
### BY THE CITY OF NEW YORK

42.    Plaintiff Mr. David Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

43.    At all times material to this complaint, Defendant **THE CITY OF NEW YORK**, acting through its police department and through Defendants **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

44.    At all times material to this complaint, Defendant **THE CITY OF NEW YORK**, acting through its police department, and through Defendants **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual Defendants' supervisors of their need to train, screen, supervise or discipline said Defendants. The

policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

45.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FIFTH CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION and 42 U.S.C. § 1983
### BY THE CITY OF NEW YORK

46.     Plaintiff Mr. Jerome Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

47.     At all times material to this complaint, Defendant **THE CITY OF NEW YORK**, acting through its police department and through Defendants **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

48.     At all times material to this complaint, Defendant **THE CITY OF NEW YORK**, acting through its police department, and through Defendants **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual Defendants' supervisors of their need to train, screen, supervise or discipline said Defendants.  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

49.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION and 42 U.S.C. § 1983
### BY THE CITY OF NEW YORK

50.     Plaintiff Mrs. Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

51.     At all times material to this complaint, Defendant **THE CITY OF NEW YORK**, acting through its police department and through Defendants **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

52.     At all times material to this complaint, Defendant **THE CITY OF NEW YORK**, acting through its police department, and through Defendants **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual Defendants' supervisors of their need to train, screen, supervise or discipline said Defendants.  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

53.     As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific and physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### FALSE ARREST, FALSE IMPRISONMENT
### and/or MALICIOUS PROSECUION

54.     Plaintiff Mr. David Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

55.     By the actions described above, Defendants **THE CITY OF NEW YORK, POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** caused Plaintiff to be falsely arrested and/or falsely imprisoned and/or maliciously prosecuted plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so.  The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

56.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A EIGHTH CAUSE OF ACTION
### FALSE ARREST, FALSE IMPRISONMENT
### and/or MALICIOUS PROSECUION

57.     Plaintiff Mr. Jerome Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

58.     By the actions described above, Defendants **THE CITY OF NEW YORK, POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** caused Plaintiff to be falsely arrested and/or falsely imprisoned and/or maliciously prosecuted Plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so.  The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to

Plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

59.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A NINTH CAUSE OF ACTION**
**VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO**
**THE COMMON LAW OF THE STATE OF NEW YORK**
**VIA BATTERY**

60.     Plaintiff Mr. David Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

61.     Defendant **THE CITY OF NEW YORK** is vicariously liable to Plaintiff for the individual Defendants' **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** and other unnamed police officers' common tort of battery via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

62.     That Defendants **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** and other unnamed police officers committed a battery on Plaintiff in that he was violently handcuffed, pushed, shoved, slammed against a brick wall, thrown into a gate; his head was propelled onto a cement block causing a large gash in his left side and him to bleed profusely. Additionally, he was searched while bleeding and handcuffed. He was choked and suffocated. He was caused to lose consciousness and while handcuffed to a bed in the Emergency Room he was smacked, pushed and poked. The deprivation of food and water and sanitary conditions while in custody, was harmful, un-consented, and unjustified and in so doing, Defendants **POLICE OFFICER WAGNER**

and **JOHN DOES # 1-4** and other unnamed police officers violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York Law.

63. That by reason of the battery, Plaintiff was harmed physically, suffering several episodes of loss of consciousness, lost his front tooth, all while unlawfully detained, and that Plaintiff was otherwise harmed as a result of the defendants' actions.

64. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A TENTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK VIA BATTERY

65. Plaintiff Mr. Jerome Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

66. Defendant **THE CITY OF NEW YORK** is vicariously liable to Plaintiff for the individual Defendants' **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** and other unnamed police officers' common tort of battery via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

67. That Defendants **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** and other unnamed police officers committed a battery on Plaintiff in that he was violently handcuffed, pushed, shoved, and slammed against a wall. The acts of the Defendants **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4**, were harmful, un-consented, and unjustified and in so doing, Defendants **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** and other unnamed police

officers violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York Law.

68. That by reason of the battery, Plaintiff was harmed physically, while unlawfully detained, and that Plaintiff was otherwise harmed as a result of the defendants' actions.

69. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHT
### UNDER NEW YORK STATE LAW
### VIA ASSAULT

70. Plaintiff Mr. David Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

71. That on the aforementioned date, time and place, Defendants **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** committed the tort of assault against Plaintiff by causing him to be in apprehension of imminent, harmful and offensive touching and in so doing, Defendants violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York Law

72. That Defendant **THE CITY OF NEW YORK** is vicariously liable to the Plaintiff for the individual Defendants' **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** and other unnamed police officers' common law tort of assault via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

73.     That by reason of the aforesaid committed by Defendants, Plaintiff suffered and continues to suffer physical injury and that he was otherwise damaged.

74.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHT
### UNDER NEW YORK STATE LAW
### VIA ASSAULT

75.     Plaintiff Mr. Jerome Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

76.     That on the aforementioned date, time and place, Defendants **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** committed the tort of assault against Plaintiff by causing him to be in apprehension of imminent, harmful and offensive touching and in so doing, Defendants violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York Law

77.     That Defendant **THE CITY OF NEW YORK** is vicariously liable to Plaintiff for the individual Defendants' **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** and other unnamed police officers' common law tort of assault via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

78.     That by reason of the aforesaid committed by Defendants, Plaintiff suffered and continues to suffer physical injury and that he was otherwise damaged.

79.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHT
### UNDER NEW YORK STATE LAW
### VIA ASSAULT

80.     Plaintiff Mrs. Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

81.     That on the aforementioned date, time and place, Defendants **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** committed the tort of assault against Plaintiff by causing her to be in apprehension of imminent, harmful and offensive touching and in so doing, Defendants violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York Law

82.     That Defendant **THE CITY OF NEW YORK** is vicariously liable to Plaintiff for the individual Defendants' **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** and other unnamed police officers' common law tort of assault via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

83.     That by reason of the aforesaid committed by Defendants, Plaintiff suffered and continues to suffer physical injury and that she was otherwise damaged.

84.     As a result of the foregoing, Plaintiff was deprived of her liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### NEGLIGENCE

85.     Plaintiff Mr. David Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

86.     Defendants **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** negligently caused injuries and otherwise damaged Plaintiff.  The acts and conduct of Defendants were the direct and proximate cause of injury to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

87.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### NEGLIGENCE

88.     Plaintiff Mr. Jerome Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

89.     Defendants **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** negligently caused injuries and otherwise damaged Plaintiff.  The acts and conduct of Defendants were the direct and proximate cause of injury to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

90.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### NEGLIGENCE

91.    Plaintiff Mrs. Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

92.    Defendants **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** negligently caused injuries and otherwise damaged Plaintiff.  The acts and conduct of Defendants were the direct and proximate cause of injury to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

93.    As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION and TRAINING

94.    Plaintiff Mr. David Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

95.    Defendant **THE CITY OF NEW YORK** negligently hired, screened, retained, supervised and trained Defendants **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4**.  The acts and conduct of Defendants were the direct and proximate cause of injury to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

96.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A EIGHTEENTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION and TRAINING

97.     Plaintiff Mr. Jerome Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

98.     Defendant **THE CITY OF NEW YORK** negligently hired, screened, retained, supervised and trained Defendants **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4**. The acts and conduct of Defendants were the direct and proximate cause of injury to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

99.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION and TRAINING

100.     Plaintiff Mrs. Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

101.     Defendant **THE CITY OF NEW YORK** negligently hired, screened, retained, supervised and trained Defendants **POLICE OFFICER WAGNER** and **JOHN DOES # 1-4**. The acts and conduct of Defendants were the direct and proximate cause of injury to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

102.    As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL HARM

103.    Plaintiff Mr. David Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

104.    Defendants **THE CITY OF NEW YORK, POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** negligently caused emotional distress and damage to Plaintiff.  The acts and conduct of Defendants were the direct and proximate cause of emotional injury to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

105.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A TWENTY FIRST CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL HARM

106.    Plaintiff Mr. Jerome Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

107.    Defendants **THE CITY OF NEW YORK, POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** negligently caused emotional distress and damage to Plaintiff.  The acts and conduct of Defendants were the direct and proximate cause of emotional injury to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

108.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A TWENTY SECOND CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL HARM

109.    Plaintiff Mrs. Rodriguez repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

110.    Defendants **THE CITY OF NEW YORK, POLICE OFFICER WAGNER** and **JOHN DOES # 1-4** negligently caused emotional distress and damage to Plaintiff.  The acts and conduct of Defendants were the direct and proximate cause of emotional injury to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

111.    As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, Plaintiffs demand the following relief jointly and severally against all of the Defendants:

      a.  Compensatory damages;

      b.  Punitive damages;

      c.  The convening and empanelling of  a jury to consider the merits of the claims herein;

      d.  Costs and interest and attorneys' fees;

      e.  Such other further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
            March 15, 2013

                        Yours, etc.

                        NOVO LAW FIRM, P.C.
                        *Attorneys for Plaintiffs*

                        BY: _____
                            Ellie A. Silverman, Esq. (5868ES)
                            299 Broadway, 17th Floor
                            New York, New York 10007
                            (212) 233-6686
                            Our File No.: 11-2440
                            ellies@novolawfirm.com